Alfred C. Pfeiffer, Jr. (admitted *pro hac vice*)
Alan J. Devlin (admitted *pro hac vice*)
Charles F. Taylor (admitted *pro hac vice*)
Kyle A. Virgien (admitted *pro hac vice*)
Danielle A. Kendrick (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
al.pfeiffer@lw.com
alan.devlin@lw.com
charles.taylor@lw.com
kyle.virgien@lw.com
danielle.kendrick@lw.com

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
AMERICAN CIVIL LIBERTIES UNION OF
UTAH FOUNDATION, INC.
355 N. 300 W.
Salt Lake City, Utah 84103
Telephone: 801.521.9862
Facsimile: 801.532.2850
aclu@acluutah.org

B. Kent Morgan (Bar No. 3945)
DYER LAW GROUP PLLC
136 S. Main Street, Suite 221
Salt Lake City, Utah 84101
Telephone: 801.363.5000
Facsimile: 801.363.5051
kent@dyerlawgroup.com

*Attorneys for Plaintiff Enrique Uroza*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| ENRIQUE UROZA,<br><br>　　　Plaintiff,<br>v.<br><br>SALT LAKE COUNTY, *et al.*,<br><br>　　　Defendants. | Case No. 2:11-cv-00713-DAK-EJF<br><br>**PLAINTIFF ENRIQUE UROZA'S RULE 56(d) MOTION, AND MEMORANDUM IN SUPPORT, TO DENY OR CONTINUE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS BRANCH, CORDERO, MATHIS, AND REDDISH IN THEIR INDIVIDUAL CAPACITIES**<br><br>Judge Dale A. Kimball<br>Magistrate Judge Evelyn J. Furse |

## INTRODUCTION

A defendant cannot move for summary judgment before his deposition simply because he denies wrongdoing. That commonsense principle finds unqualified support in the case law. Yet, Messrs. Branch, Cordero, Mathis, and Reddish ("Defendants") presume to defeat Mr. Uroza's well-pleaded claims before their depositions through conclusory and ghostwritten declarations. That is not how the litigation process works. The Court can and should deny Defendants' motion because, absent deposition, Mr. Uroza "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d).

Mr. Uroza thus moves under Federal Rule of Civil Procedure 56(d) to deny or continue Defendants' summary-judgment motion. That rule disposes of Defendants' motion. *See, e.g.*, *Baron Servs. v. Media Weather Innovations LLC*, 717 F.3d 907, 913 (Fed. Cir. 2013) (it was an abuse of discretion not to delay ruling on summary-judgment motion where "affidavits were MWI's primary evidence to support its motion for summary judgment" and "[d]eposing [the affiants] would have provided Baron its principal opportunity to directly challenge the veracity of the statements made in their affidavits"); *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1037 n.11 (11th Cir. 1987) ("[T]he proceedings in the district court took a bizarre turn when the court accepted the affidavits of the EMS employees in support of defendants' motion for summary judgment, yet refused to permit the plaintiffs to depose those same individuals. That is not a proper practice.").

Defendants have not answered the Third Amended Complaint. Two of their number became parties on December 19, 2013, and maintain that they should not be subject to discovery before answering. (Devlin Decl. ¶¶ 31-32.) Mr. Uroza was scheduled to depose Defendant

Reddish, the ICE officer responsible for issuing the relevant I-247 detainer, on December 5, 2013. At Federal Defendants' request, he agreed to postpone it. Moreover, Mr. Uroza agreed to extend Defendants Branch and Mathis's time to answer the Third Amended Complaint. (Devlin Decl. ¶ 31.) Fact discovery will not close for several months. (Dkt. 111.)

Mr. Uroza's Rule 56(d) motion turns on a straightforward principle: a defendant subject to a plausible claim of malfeasance cannot prevail before the close of discovery and before his deposition simply by saying that he didn't do it. The Court should deny or continue Defendants' summary-judgment motion accordingly.

## BACKGROUND

### A.   Mr. Uroza Asks Defendants to Withdraw their Motion

After Defendants moved for summary judgment, Mr. Uroza's counsel reached out to explain that Rule 56(d) closes the door to their motion. (Devlin Decl. ¶ 33.) He asked that they withdraw their motion to save the parties and the Court the burden of additional, unnecessary briefing. He explained that it is improper to try "to establish 'undisputed' facts based on declarations of your clients, whom Mr. Uroza has not yet deposed." He offered, alternatively, to stipulate to the Court's holding their motion in abeyance until the close of discovery. (*Id.*) Ten days later, and without explanation, Defendants declined.

### B.   Mr. Uroza Conducts Discovery, Amends his Complaint, and Timely Adds Defendants Reddish and Cordero

The undersigned counsel of Latham & Watkins LLP filed appearances on Mr. Uroza's behalf on July 19, 2013. (Dkt. 61-65.) Two weeks later, they served discovery on Federal and County Defendants. Counsel for Mr. Uroza subsequently suspended his August 9, 2013 deposition upon learning that defendants intended to question him on irrelevant and oppressive

2

matters. (Dkt. 71-1.) On July 31, 2013, Mr. Uroza moved the Court for a protective order. (Dkt. 71.) The Court granted that motion in its entirety on February 20, 2014. (Dkt. 110.) Mr. Uroza's deposition is presently scheduled for April 4, 2014.

County and Federal Defendants produced discovery in mid- and late-October 2013, respectively. That discovery identified the ICE officer who issued the I-247 immigration detainer against Mr. Uroza—"John Doe 51"—to be Jordan Reddish. It also revealed that ICE officer Robert Cordero was the previously named "John Doe" responsible for ICE's taking Mr. Uroza into custody after the West Jordan court had ordered Salt Lake County Metropolitan Jail immediately to release him, and not to give him to ICE.

With this information in hand, Mr. Uroza revised his complaint, replacing the "John Does" with Defendants Reddish and Cordero, dropping former defendants Janet Napolitano and John Morton as per the Court's February 21, 2013 order, and adding facts learned in discovery. On November 27, 2013, in a timely manner under the Scheduling Order, Mr. Uroza sought leave to file his Third Amended Complaint. (Dkt. 87.) He filed the new pleading on December 19, 2013: the same day that the Court granted him leave to do so. (Dkt. 93, 94.)

Important depositions have recently taken place. On November 19, 2013, the parties deposed Robin Lopez, who had posted bail on Mr. Uroza's behalf. (Devlin Decl. ¶ 28.) Two weeks later, Mr. Uroza deposed Sheriff Winder, who enacted SLC Metro Jail's S.B. 81 policy that denied bail to foreign-born inmates who could not establish valid immigration status. (*Id.* ¶ 28.) Mr. Uroza was scheduled to depose Jordan Reddish, the ICE officer who issued Form I-247 against Mr. Uroza, on December 5, 2013. Federal Defendants cancelled that deposition, however, on November 26, 2013, when Mr. Uroza informed them that he was adding Cordero

and Reddish as parties.

### C. Defendants Bring their Duplicative Motion to Postpone Depositions

Defendants' motion appears to be a stall tactic, or perhaps an attempt to gain insight into the questions and subject matter that Mr. Uroza's attorney will delve into in deposition. On March 16, 2014, Mr. Uroza's counsel emailed Defendants' lawyers to ask whether they would make their clients available for deposition before the Court ruled on the instant motion. (Devlin Decl. ¶ 34.) At the time of this filing on March 21, 2014, they had not responded. (*Id.*)

### LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure provides that a court may deny or defer a summary-judgment motion to allow for further discovery crucial to the non-moving party's opposition. A motion under Rule 56(d), "[u]nless dilatory or lacking in merit, . . . should be liberally treated." *Comm. for the First Amd. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quoting James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.24 (1988)); s*ee also Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984).

### ARGUMENT

### Rule 56(d) Bars Defendants' Motion for Summary Judgment

A not-yet-deposed defendant cannot move for summary judgment based on "facts" espoused solely on his say-so. *See Baron*, 717 F.3d at 913; *Wideman*, 826 F.2d at 1037 n.11. That principle forecloses Defendants' summary-judgment motion. Mr. Uroza has plausibly alleged that Defendants conspired and unlawfully caused his arrest, thus giving rise to claims under Section 1985 and *Bivens*, among others. (Mem. Decision, Dkt. 46, pp. 11-14.) Since then,

he has marshaled powerful evidence in support of his claims. That is so even though he has yet to depose Defendants, who are most knowledgeable about the facts underlying those claims.[1]

Remarkably, Defendants claim that they are entitled to summary judgment, even though they have not yet been deposed, they have not answered Mr. Uroza's operative complaint, and fact discovery will not close for many months. (Def. Br., Dkt. 108.) In apparently ghostwritten declarations, they contradict Mr. Uroza's allegations. They ask the Court to take their word that they did not conspire and had probable cause to effect his arrest. (Dkt. 108-1.) They would thus deny Mr. Uroza the most fundamental of litigation rights—the right of a plaintiff asserting a plausible cause of action to depose the alleged wrongdoers, probe their assertions, and extract concessions and testimony to rebut their improbable claims of innocence.

It is an abuse of discretion to award defendants summary judgment based on their declarations without first allowing a diligent plaintiff to depose them. *See Baron*, 717 F.3d at 913; *Wideman*, 826 F.2d at 1037 n.11. That rule makes sense. After all, wrongdoers tend not to admit their misdeeds. Thus, a defendant who loses a motion to dismiss cannot defeat a lawsuit simply by denying the allegations before sufficient discovery has taken place. *Accord Weir v. Anaconda Co.*, 773 F.2d 1073, 1081-1082 (10th Cir. 1985) ("We have held that 'summary judgment should not be based on the deposition or affidavit of an interested party . . . as to the facts known only to him – a situation where demeanor evidence might serve as real evidence to persuade a trier of fact to reject his testimony.'") (citation omitted); *Klein v. Abdulbaki*, No.

---

[1] Jordan Reddish's deposition was scheduled for December 5, 2013, but Federal Defendants cancelled it in light of the Third Amended Complaint, which added Reddish as a defendant. Mr. Uroza timely joined Reddish and Cordero in December 2013. Given that Mr. Uroza has yet to depose any of their number, despite his diligent pursuit of this litigation, Defendants' claim that "extensive discovery" has occurred is disingenuous. (Def. Br., Dkt. 108, p. 23.)

2:11CV953DAK, 2013 U.S. Dist. LEXIS 6984, at *10 (D. Utah Jan. 16, 2013) (unpublished) (denying motion for summary judgment because the nonmoving party "has not been able to depose her yet to question her specifically on the general assertions made in her declaration").

In short, Federal Rule of Civil Procedure 56(d) bars Defendants' summary-judgment motion. *Accord Conroy v. Johanns*, No. 2:06-cv-867, 2007 WL 1830725, at *5-8 (D. Utah June 22, 2007) (unpublished) (granting Rule 56(d) [then Rule 56(f)] motion, denying pending motion for summary judgment without prejudice, and observing that "Mr. Johanns filed his motion for summary judgment on the same day as he filed his motion to dismiss. In other words, he filed it before he even filed an answer. Ms. Conroy alleges she is unable to adequately oppose Mr. Johanns' version of the facts without conducting discovery and she has outlined specific facts she disputes—facts she contends additional discovery will allow her to oppose. The disputed facts go to the heart of Ms. Conroy's opposition, making her Rule 56([d]) motion proper"); *see also KW Excavation, Inc. v. Engineered Structures, Inc.*, No. 1:05 CV 70 DS, 2006 WL 367839 (D. Utah Feb. 15, 2006) (unpublished); *Brown v. S. Utah Univ.*, No. 2:08 CV 542 TC, 2009 WL 1438181 (D. Utah May 21, 2009) (unpublished).

As explained in his contemporaneously filed opposition brief, Mr. Uroza already possesses substantial circumstantial evidence that Defendants conspired with Salt Lake County and Sheriff Winder to deprive Latinos of their constitutional rights. Nevertheless, Mr. Uroza has the right to depose Defendants Reddish, Mathis, Cordero, and Branch to unearth critical evidence of conspiracy and his unconstitutional arrest, to give full expression to his proof, and hence to provide the strongest opposition to Defendants' summary-judgment motion.

Thus, for reasons further explained in his attorney's accompanying declaration, Mr.

Uroza needs to depose each individual Federal Defendant. None can deny having relevant discoverable information, since each claims an entitlement to summary judgment based on information exclusively within his control. The Court should therefore deny Defendants' motion for summary judgment, albeit without prejudice at this time. *See, e.g.*, *Klein*, 2013 U.S. Dist. LEXIS 6984, at *13.

## CONCLUSION

For the foregoing reasons, and those laid out in the accompanying declaration, the Court should grant Plaintiff Enrique Uroza's Rule 56(d) Motion to Deny or Continue Defendants Branch, Cordero, Mathis, and Reddish's Motion for Summary Judgment.

Dated this 21st day of March, 2014

LATHAM & WATKINS LLP

/s/ Alan J. Devlin
Alfred C. Pfeiffer, Jr. (admitted *pro hac vice*)
Alan J. Devlin (admitted *pro hac vice*)
Charles F. Taylor (admitted *pro hac vice*)
Kyle A. Virgien (admitted *pro hac vice*)
Danielle A. Kendrick (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
al.pfeiffer@lw.com
alan.devlin@lw.com
charles.taylor@lw.com
kyle.virgien@lw.com
danielle.kendrick@lw.com

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
AMERICAN CIVIL LIBERTIES UNION OF UTAH FOUNDATION, INC.
355 N. 300 W.
Salt Lake City, Utah 84103
Telephone: 801.521.9862
Facsimile: 801.532.2850
aclu@acluutah.org

B. Kent Morgan (Bar No. 3945)
DYER LAW GROUP PLLC
136 S. Main Street, Suite 221
Salt Lake City, Utah 84101
Telephone: 801.363.5000
Facsimile: 801.363.5051
kent@dyerlawgroup.com

Attorneys for Plaintiff ENRIQUE UROZA

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2014, I filed the foregoing in the U.S. District Court for the District of Utah through the Court's CM/ECF system. All parties were served electronically.

/s/ Alan J. Devlin
Alan J. Devlin (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415-391-0600
Facsimile: 415-395-8095
alan.devlin@lw.com

One of the Attorneys for Plaintiff ENRIQUE UROZA